## SMITH *v.* SMITH.

Satisfaction of the judgment recovered in an action of trespass for the conversion of chattels, passes property in such chattels to the defendant; and the defendant's title thus acquired takes effect by relation from the time of the conversion.

TRESPASS, *qu. cl.*, by John C. Smith against Joseph Smith. Questions raised in this case were decided at the December law term, 1870, Judge LADD deli   ˙  ˙ the opinion. The reserved case then decided, and all papers referred to therein, may be referred to as part of this case.

The plaintiff now offers to prove the facts stated in that case, except that the term, at which the trial named in said case was had, ended May 1, 1867, and that the judgment rendered therein was paid and satisfied on execution, May 24, 1867.

The defendant offers to prove the facts which he before offered to prove, and, in addition, that said Joseph took the fence, &c., at some time after said trial, and before said judgment was paid.

The questions of law arising hereon were reserved. If the plaintiff is entitled to judgment, his damages are to be assessed in such manner as the court at the law term shall order.

*Shirley* (with whom were *Pike & Blodgett*), for the plaintiff.

*Barnard & Sanborn*, for the defendant.

LADD, J. The agreed statement of facts upon which the former opinion in this case was rendered (50 N. H. 212), showed that *after* this plaintiff had paid the judgment recovered against him for the original taking of the posts, &c., this defendent entered upon the plaintiff's premises and carried them away again. The defendant now offers to prove that his taking was *before* that judgment was paid, though after it was rendered; and we are called on to decide that the plaintiff cannot recover the value of the property which he thus paid for in paying that judgment, because it was taken from him by the defendant before instead of after the payment.

The defendant's position, in a word, is this: he had changed his security for the conversion of his property from an unliquidated claim for damages for a tort into a judgment for its value. Without releasing or surrendering that judgment, he broke and entered the plaintiff's close, and took away the property for which he held the judgment; and having thus secured the property, he enforced payment for its value by collecting the judgment. He now claims that he is not liable for its value in this action, because the property did not pass to the defendant until the judgment was paid, that is, after his taking.

If there were no other way of meeting this position, it would doubtless furnish a strong argument in favor of the former doctrine, that it is the judgment and not the satisfaction which passes the property. *Adams v. Broughton,* 2 Stra. 1078 ;* and see cases collected in *Buckland* v. *Johnson,* 15 C. B. 145. Such is not the law, however, in this State— *Hyde* v. *Noble,* 13 N. H. 494—and probably not now in England ; *Brimsmead* v. *Harrison,* Law Rep., 6 C. P. 584 ; S. C. Law Rep., 7 C. P. 547 ;—and the aid of no such doctrine need be invoked.

In the former opinion it was said that a satisfaction of the judgment by this plaintiff passed the title of the property to him to take effect by relation from the time of the conversion.

That remark was not strictly called for as the case then stood ; but we have no doubt it was correct, and it fully meets the case as now presented. 2 Par. Bills and Notes 436 ; 1 Hilliard on Torts 51 ; *Buckland* v. *Johnson, sup. ; Hepburn* v. *Sewell,* 5 Har. & Johns. (Md.) 211. In the latter case the point was directly raised and distinctly decided by the court. The remarks of DORSEY, J., in delivering the judgment of the court, are so much in point that I quote a portion of them. He says,—" It must be borne in mind that the plaintiff, in an action of trover, compels the defendant to become a purchaser against his will ; and from what period does he elect to consider the defendant as a purchaser, or as answerable to him for the value of the thing converted ? He selects the date of conversion as the epoch of the defendant's responsibility, and claims from him the value of the property at that period, with interest to the time of taking the verdict. The inchoate right of the defendant as a purchaser must therefore be considered as coeval with the period of conversion, and this right being consummated by the judgment and its discharge, must, on legal and equitable principles, relate back to its commencement."

This view disposes of the defendant's case ; for if, upon payment of the judgment, the property in the posts, &c., passed absolutely to the plaintiff, and his title thereupon took effect by relation from the date of the conversion, he is clearly entitled to recover their value in the present suit.

We do not undertake to say that there may not be cases where this doctrine would not apply. All we decide is, that it does apply in a case like the present.

---

* And see the same case reported in Andrews's Reports *18 and *19.